UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

G. J. GUTIERREZ,                                      1:13-cv-00421-GSA-PC

        Plaintiff,                          ORDER DENYING MOTION FOR
                                                     COURT ORDER
  vs.                                                (Doc. 47.)

A. GUTIERREZ,

        Defendants.

## I.      BACKGROUND

      G. J. Gutierrez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on the initial Complaint filed by Plaintiff on March 22, 2013, against defendant Correctional Officer (C/O) A. Gutierrez, for use of excessive force and failure to protect Plaintiff.  (Doc. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have appeared.  (Doc. 5.)

      On April 3, 2014, Plaintiff filed a motion for a court order directing the supervision of C/O Kennedy at Pleasant Valley State Prison (PVSP).  (Doc. 10.)

## II.    MOTION FOR COURT ORDER

      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95,

102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id</u>. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff seeks a court order directing staff at PVSP to supervise C/O Kennedy, who allegedly threatened to tamper with Plaintiff's mail, out of retaliation for Plaintiff filing this civil lawsuit. Such an order would not remedy any of the claims in Plaintiff's Complaint, which arise from alleged acts of excessive force and failure to protect Plaintiff by C/O A. Gutierrez, the sole defendant in this action. Therefore, the court has no power to hear the matter in question, and Plaintiff's motion shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for a court order directing prison staff to supervise C/O Kennedy, is DENIED.

IT IS SO ORDERED.

Dated:   **April 4, 2014**            **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE