UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. J. GUTIERREZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>A. GUTIERREZ,<br><br>          Defendant. | 1:13-cv-00421-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATORY RELIEF OR PRELIMINARY INJUNCTION, FOR WANT OF JURISDICTION<br>(Doc. 15.) |

**I.      BACKGROUND**

   G. J. Gutierrez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on the initial Complaint filed by Plaintiff on March 22, 2013, against defendant Correctional Officer (C/O) A. Gutierrez, for use of excessive force and failure to protect Plaintiff.  (Doc. 1.)

   On May 5, 2014, Plaintiff filed a motion for declaratory relief or preliminary injunction, which is now before the court.  (Doc. 15.)

**II.     JURISDICTION**

   Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95,

1  102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

### Discussion

Plaintiff seeks a court order declaring that Officer Kenndy, a prison guard handling prisoner-legal mail at Pleasant Valley State Prison, is interfering with Plaintiff's mail and destroying Plaintiff's legal property.  In the alternative, Plaintiff seeks a preliminary injunction stopping Officer Kenndy's conduct.

Plaintiff's motion must be denied, because the court orders requested by Plaintiff would not remedy any of the claims upon which this action proceeds.  This case proceeds only against defendant G. J. Gutierrez for acts of excessive force and failure to protect which occurred before this case was filed.  Plaintiff now requests court orders protecting him from present and future acts by Officer Kenndy, who is not a defendant in this action.  Because such an order would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by Plaintiff.

Moreover, "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  Because Officer Kenndy is not a party to this action, the Court does not have jurisdiction to issue a declaratory order or preliminary injunction addressing Officer Kenndy's conduct.

///

///

### III.     CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for declaratory relief or preliminary injunction, filed on May 5, 2014, is DENIED for want of jurisdiction.

IT IS SO ORDERED.

Dated:   **May 8, 2014**                             **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE