UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.J. GUTIERREZ,<br><br>             Plaintiff,<br><br>        v.<br><br>A. GUTIERREZ,<br><br>             Defendant. | 1:13-cv-00421 LJO-GSA  (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 54) |

On July 6, 2015, Plaintiff filed a motion seeking the appointment of counsel to represent him at his upcoming deposition.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, Plaintiff argues that he is a layperson, unskilled at law, and requires assistance to participate in his deposition. Plaintiff asserts that he sought the assistance of other prisoners when filing his complaint and other documents, but he will not be allowed to have fellow prisoners assist him at his deposition. Plaintiff also asserts that he has extreme difficulty focusing and concentrating.

This does not make Plaintiff's case exceptional. This court is faced with similar cases daily. While the court has found that "[l]iberally construed, [Plaintiff's] complaint states Eighth Amendment claims for excessive force and failure to protect against Defendant [A. Gutierrez]," this finding is not a determination that Plaintiff is likely to succeed on the merits and at this juncture, the court cannot find that Plaintiff is likely to succeed on the merits. (Doc. 6 at 2:22-23.) Plaintiff's claims do not appear complex, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **July 14, 2015**         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE