UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. J. GUTIERREZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>A. GUTIERREZ,<br><br>　　　　　Defendant. | 1:13-cv-00421-LJO-GSA-PC<br><br>ORDER DENYING REQUEST FOR ISSUANCE OF SUBPOENAS, WITHOUT PREJUDICE<br>(Doc. 53.) |

　　　　G. J. Gutierrez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's original Complaint, filed on March 22, 2013, against defendant A. Gutierrez ("Defendant"), for use of excessive force in violation of the Eighth Amendment.  (Doc. 1.)  This case is presently in the discovery phase, pursuant to the court's scheduling order issued on November 21, 2014.  (Doc. 41.)

　　　　On June 4, 2015, Plaintiff filed a request for the issuance of subpoenas duces tecum by the court, to enable him to seek copies of case documents for Fresno Superior Court case no. F12100449, People v. Joe Esparza, from the Fresno County Public Defender and the Fresno County District Attorney.  (Doc. 53.)  Plaintiff argues that it would be futile for him to simply submit a written request for the Esparza case file, given that the current discovery cut-off date

is July 21, 2015.  Plaintiff contends that the issuance of a subpoena duces tecum may possibly expedite receipt of the sought after discovery.

For the reasons set forth below, Plaintiff's request is denied, without prejudice to renewal of the request.

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, and to service of the subpoena by the United States Marshal.  Fed. R. Civ. P. 45; 28 U.S.C. 1915(d).  However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant through a request for production of documents.  Fed. R. Civ. P. 34.  It appears to the Court that the documents sought by Plaintiff may be equally available to Plaintiff and Defendant through a request to the Clerk of the Fresno County Superior Court.  Plaintiff is advised that a case file can be voluminous, and he must identify which documents he seeks.  Plaintiff has not demonstrated that he made such a request to the Fresno County Superior Court.

Should Plaintiff choose to file another request for the issuance of a subpoena duces tecum, Plaintiff must (1) identify with specificity the documents sought and from whom, and (2) make a showing in the request that the records are only obtainable through that third party.  Also, documents requested must fall within the scope of discovery allowed in this action.[1]

The time for conducting discovery in this action, including motions to compel, expires on July 21, 2015.  Therefore, Plaintiff may wish to make an immediate request for an extension of the discovery deadline.

///

---

[1] Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's request for the issuance of subpoenas duces tecum, filed on June 4, 2015, is DENIED, without prejudice to renewal of the request at a later stage of the proceedings, as instructed by this order.

IT IS SO ORDERED.

Dated: __**July 19, 2015**__                              __**/s/ Gary S. Austin**__
                                                                      UNITED STATES MAGISTRATE JUDGE