UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.J. GUTIERREZ,<br><br>          Plaintiff,<br><br>     v.<br><br>A. GUTIERREZ,<br><br>          Defendant. | 1:13-cv-00421 LJO-GSA  (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 59.) |

On July 16, 2015, plaintiff filed a motion seeking the appointment of counsel.

Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C.§ 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

On July 14, 2015, two days ago, the court issued an order denying plaintiff's prior motion for appointment of counsel.  (ECF No. 58.)  In the present motion, Plaintiff again argues that he is a layperson, unskilled at law, and requires representation by counsel to adequately litigate this matter.  Plaintiff also asserts that his case is complex and he has extreme difficulty focusing and concentrating.  This does not make Plaintiff's case exceptional.  At this juncture, the court is unable to find that Plaintiff is likely to succeed on the merits.  This case is in the discovery phase, and a review of the record shows that Plaintiff is able to adequately articulate his claims and participate in litigation.  Plaintiff's claims -- that defendants failed to protect him and failed to administer adequate medical care – are not complex, and the court is faced with similar cases daily. Accordingly, plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

Therefore, based on the foregoing, Plaintiff's motion for appointment of counsel, filed on July 16, 2015, is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **July 23, 2015**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE