# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. J. GUTIERREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. GUTIERREZ,<br><br>　　　　　Defendant. | Case No.  1:13-cv-00421-DAD-SAB-PC<br><br>ORDER RE MOTIONS TO COMPEL<br>(ECF NOs. 57, 58, 60, 63)<br><br>ORDER  GRANTING DEFENDANT'S MOTION TO EXTEND DISPOSITIVE MOTION FILING DEADLINE<br>(ECF NO. 69)<br><br>Dispositive Motion Deadline:<br>March 16, 2016 |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

This action proceeds on the original complaint against Defendant on Plaintiff's claims of excessive force and failure to protect in violation of the Eighth Amendment.  The allegations stem from a prison disturbance that occurred at Pleasant Valley State Prison.  Pending before the Court are motions to compel by Plaintiff and Defendant.

**A.  Motion to Compel (ECF No. 57)**

Plaintiff seeks an order compelling responses to Requests for Production Nos. 3, 4, 5, 8, 12 and 13.  Defendant has opposed the motion.

1

### 1. Request No. 3

Plaintiff seeks the production of "any and all documents relating to prior or current lawsuits naming you (Defendant A. Gutierrez) as a defendant or codefendant alleging battery, assault, excessive force or failure to protect while employed with the CDCR." Defendant objected on the ground that the request exceeded the permissible scope of discovery because it seeks information not relevant to any claim or defense at issue in this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, Defendant responded that he does not have any documents responsive to Plaintiff's request.

Defendant has responded that he has no documents responsive to this request. The Court cannot compel Defendant to provide documents he does not have. Plaintiff's motion should be denied as to this request.

### 2. Request No. 4

Plaintiff seeks "any and all documents relating to prior or current lawsuits naming you (Defendant A. Gutierrez) as a defendant or codefendant alleging battery, assault, or excessive force while not employed with the CDCR." Defendant asserted the same objection has he did in Request No. 3. Without waiving the objection, Defendant responded that he does not have any documents response to this request. Plaintiff makes no valid argument as to why the Court should compel the production of documents Defendant does not have. Plaintiff's motion should therefore be denied as to this request.

### 3. Request No. 5

Plaintiff seeks "any and all documents relating to disciplinary actions or proceedings against you (Defendant A. Guiterrez) for acts consisting of dishonesty, morally lax character and moral turpitude while employed with the CDCR." Defendant objected to the request as vague and ambiguous, as well as confidentiality under the California Code of Regulations that prohibits access to such information by inmates. Without waiving the objection, Defendant responded that no documents to this request exist. As with his previous requests, Plaintiff offers no argument as to why Defendant's response is insufficient. Defendant has properly objected and has indicated

1  that no documents to this response exist. Plaintiff's motion should therefore be denied as to his
2  request.

### 4. Request No. 8

Plaintiff seeks "any and all documents relating to reports recommending disciplinary action against you (A. Gutierrez), by any non-prisoner, for acts consisting of dishonesty, lax character, moral turpitude, intemperance, discourtesy toward the public, inefficiency, battery, assault, excessive force and failing to protect prisoners while on duty." Defendant objected on the grounds of relevancy and confidentiality. Without waiving the objection, Defendant responded that no documents responsive to the request exist.

Plaintiff attaches to his motion a copy of a letter from a private attorney to the Warden at Pleasant Valley State Prison, dated May 14, 2013. Although Defendant's name is contained in the letter (which appears to be a complaint about the difficulties experienced by the attorney in attempting an unscheduled visit to the prison), Plaintiff makes no argument as to how the letter is relevant to this lawsuit. In his opposition to the motion to compel, Defendant notes that his interaction with the author of the letter, as detailed in the letter, appears to be entirely appropriate and occurred more than two months after Plaintiff filed his complaint. Plaintiff's bad-faith inference that Defendant omitted this letter from his response is inappropriate. Defendant responded that there are no documents responsive to the request. Plaintiff's letter is irrelevant and unrelated to the claims in this lawsuit. The motion should therefore be denied as to this request.

### 5. Request No. 12

Plaintiff seeks "any and all informal administrative grievances submitted against you (Defendant A. Gutierrez), by CDCR prisoners, alleging acts consistent with battery, assault, excessive force and failure to protect. This request includes all written responses, CDCR 22 attachments, investigations and correspondence related to the appeals." Defendant objected that the request is overly burdensome because inmate grievances are not organized by staff name. Defendant also objected on the ground of relevancy and official information privilege pursuant to California Evidence Code sections 1040 et seq. Defendant served a privilege long and

supporting declaration on Plaintiff along with his opposition to the motion. Defendant also responded to the request by producing the non-confidential portion of Plaintiff's CDCR Form 602, Third Level Appeal Decision and Staff Complaint Response, relating to appeal log no. PVSP-C-12-00465, attachment 5.

Defendant correctly argues that this production request is essentially unlimited in scope. Plaintiff's request for any grievances ever filed against Defendant is, as Defendant notes, far beyond the corresponding limits on relevance to the claims in this case. While the material Plaintiff is entitled to under Rule 26(b) is broader than for trial purposes, Defendant correctly argues that there are limits. See Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)("District Courts need not condone the use of discovery to engage in fishing expeditions")(internal quotation marks omitted). Plaintiff fails to come forward with any argument or legal authority to support the production of confidential documents. Defendant has appropriately responded to this request and properly supported his assertion of privilege regarding the confidential documents not produced with the declaration of counsel and supporting exhibits. (Mayer Decl. ¶2, Exs. A & B). The motion should therefore be denied as to this request.

### 6. Request No. 13

Plaintiff seeks "any and all formal and informal administrative grievances submitted against you (Defendant A. Gutierrez), by CDCR prisoners, alleging acts consistent with threats, gang involvement and prison-politics. This request includes any and all written and unwritten responses, and investigations and correspondences related to the appeals." This request is similar to Request number 12. Defendants asserted the same objections. The request is unlimited in scope, vague and seeks confidential information. Plaintiff has not offered any argument as to why the Court should order the production of confidential information. The motion should therefore be denied as to this request.

### B. Motion for In Camera Review (ECF No. 58)

Plaintiff seeks an in camera review and/or review of Defendant's confidential documents pursuant to a protective order. Essentially, Plaintiff is asking for an in camera review or

protective order regarding the documents he sought in the above motion to compel.

In camera reviews, which are both burdensome and intrusive, are not conducted as a matter of routine, and they are not available to a litigant merely seeking some reassurance regarding an opposing party's discovery response. See U.S. v. Zolin, 491 U.S. 554, 569-575 (1989); In re Grand Jury Investigation, 974 F.2d 1068, 1075 (9th Cir. 1992). Regarding Requests 3, 4, 5 and 8, Defendant informed Plaintiff that no responsive documents exist and their response is a certification under the Federal Rule of Civil Procedure 26, and Plaintiff identifies no factual basis otherwise.

As to the confidential information regarding staff complaints, federal common law recognizes a qualified privilege for official information. Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975). Investigative materials, among others, may be protected from disclosure under this privilege. Soto v. City of Concord, 162 F.R.D. 603, 623 (N.D. Cal. 1995). In determining what level of protection should be afforded by the official information privilege, courts conduct a case by case balancing, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990).

Defendant submits the declaration of K. Geringer, the Litigation Coordinator at Pleasant Valley State Prison. The declaration establishes that K. Geringer has reviewed the documents set forth in the privilege log relative to the internal review of the staff complaints. The inquiries found that Defendant did not violate CDCR policy in any of the reported instances. The declaration of K. Geringer also establishes that the prison has a substantial interest in withholding documents containing the type of information sought by Plaintiff. The declaration also establishes that confidential documents pertaining to inmates other than Plaintiff, confidential inquiries into staff complaints, documents regarding weapons utilized at PVSP, self-critical analysis, and use-of-force reviews would endanger individuals and would threaten security of the institution. Plaintiff fails to make any argument regarding Defendant's privilege concerns.

Regarding Plaintiff's request for a protective order, Defendant notes that Plaintiff's

declaration provides the justification to deny his request.  Plaintiff declares that if he is allowed to review the privileged documents pursuant to a protective order, he "will only share [his] notes with the person assisting [him] in preparing and filing [his] opposition to the named-defendant's motion for summary judgment or equivalent." (ECF No. 58 at ¶ 7.)  Defendant argues that while the Court has jurisdiction over Plaintiff, there is no way for the Court to compel non-party inmates to honor a protective order.  Plaintiff makes no argument that justifies a protective order or the disclosure of confidential information.  Plaintiff's motion for in camera review/and or a protective order should therefore be denied.

**C.  Motion for extension of time (ECF No. 60)**

Plaintiff seeks an extension of time to respond to Defendant's Interrogatories and Requests for Production of Documents.  Plaintiff contends that he needs responses to the discovery at issue in his motion to compel in order to formulate responses to Defendant's request.  Because the Court has denied Plaintiff's motion to compel further responses to his requests, Plaintiff must respond to Defendant's requests.  Plaintiff's motion for extension of time should therefore be denied.

**D.  Defendant's Motion To Compel (ECF No. 63)**

Defendant seeks an order compelling Plaintiff's responses to Defendant's Interrogatories and Requests for Production of Documents.  Defendant notes that Plaintiff has failed to timely respond to the requests, and has not asserted any objections or any justification to delay his response.  Plaintiff refers to an issue regarding service of the requests.  Defendant supports his motion with the declaration of counsel, which establishes that Plaintiff was served with a set of twenty-two interrogatories and thirteen requests for production of documents.  Plaintiff received the discovery requests but indicated he would not respond to them because the declaration of service was not signed.  Counsel responded to Plaintiff and explained he was obligated to respond to Defendant's discover requests, which he acknowledged had been served on him.  Defendant attaches the correspondence as Exhibit D to counsel's declaration. (Mayer Decl. ¶¶ 2-5.)  Plaintiff offers not argument to justify his failure to respond to Defendant's discovery requests.  Defendant's motion should therefore be granted.

**E. Motion to Modify Scheduling Order**

Defendant seeks a modification of the scheduling order in order to provide a reasonable time after Plaintiff responds to his discovery requests in order to prepare a dispositive motion. Good cause appearing, Defendant's motion should therefore be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 57) is DENIED;
2. Plaintiff's motion for in camera review and protective order (ECF No. 58) is DENIED;
3. Plaintiff's motion to delay responses to Defendant's discovery request (ECF No. 60) is DENIED;
4. Defendant's motion to compel (ECF No. 63) is granted. Plaintiff shall respond to Defendant's First Set of Interrogatories and Requests for Production of Documents within 45 days of the date of service of this order;
5. Discovery in this matter is otherwise closed.
6. Defendant's motion to extend the dispositive motion filing deadline (ECF No. 69) is GRANTED. The dispositive motion filing deadline is extended to March 16, 2016.

IT IS SO ORDERED.

Dated:   **December 7, 2015**

UNITED STATES MAGISTRATE JUDGE