# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. J. GUTIERREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. GUTIERREZ,<br><br>　　　　Defendant. | Case No. 1:13-cv-00421-DAD-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION FOR DECLARATORY RELIEF OR PRELIMINARY INJUNCTION<br>(ECF NO. 67)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff Gutierrez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Pending before the Court is Plaintiff's motion titled as a motion for declaratory relief or preliminary injunction filed on August 31, 2015. (ECF No. 67.)

This action proceeds on the original complaint against Defendant on Plaintiff's claims of excessive force and failure to protect in violation of the Eighth Amendment. The allegations stem from a prison disturbance that occurred at Pleasant Valley State Prison. Plaintiff, currently housed at High Desert State Prison in Susanville, seeks an order directing Correctional Officer Davis, the mail officer at High Desert State Prison, to respond to Plaintiff's allegations of interference with his mail.

The Court does not have jurisdiction over prison officials at High Desert State Prison and

it cannot issue the order Plaintiff seeks.  Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).   The Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim for damages from an incident of alleged excessive force on January 4, 2012.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998)(The triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence)(citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012)(Federal courts may adjudicate only actual, ongoing cases or controversies)(citation and internal quotation marks omitted).  The Court does not have jurisdiction over Correctional Officer Davis, or the events beyond the scope of the allegations of the events on January 4, 2012.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for declaratory relief or preliminary injunction be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. (b)(1).  Within **thirty (30)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 14, 2015**             _____
                                            UNITED STATES MAGISTRATE JUDGE