UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD J. GUTIERREZ,<br><br>            Plaintiff,<br><br>      v.<br><br>A. GUTIERREZ,<br><br>            Defendant. | No.  1:13-cv-00421-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR DECLARATORY RELIEF OR PRELIMINARY INJUNCTION<br><br>(Doc. Nos. 67, 72) |

Plaintiff Gerard J. Gutierrez is a state prisoner proceeding *pro se* and *in forma pauperis*. (Doc. No. 4.) On March 22, 2013, plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The action proceeds on the original complaint against defendant A. Gutierrez on plaintiff's claims of excessive use of force and failure to protect in violation of the Eighth Amendment. (Doc. No. 1.) Plaintiff's allegations stem from a prison disturbance that took place at Pleasant Valley State Prison on January 4, 2012. (*Id.*) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Now pending before the court is plaintiff's August 31, 2015, motion for declaratory relief or preliminary injunction. Plaintiff is currently housed at High Desert State Prison in Susanville. He seeks an order directing Correctional Officer Davis, the mail officer at High Desert State Prison, to respond to plaintiff's allegations of interference with his mail. (*Id.*)

1

On December 14, 2015, the Magistrate Judge issued findings and recommendations recommending that plaintiff's motion be denied. (Doc. No. 72.) The Magistrate Judge reasoned that plaintiff's complaint is based upon claims of excessive use of force and failure to protect stemming from an incident that took place at Pleasant Valley State Prison, while his pending motion seeks relief against Correctional Officer Davis at High Desert State Prison for events outside the scope of the allegations in the complaint. (*Id*.)

The findings and recommendations were served on the parties and contained notice that any objections had to be filed within thirty days. (*Id*.) On February 16, 2016, plaintiff filed objections to the findings and recommendations. (Doc. No. 78.) Plaintiff argues that "[a]lthough the court is limited to the parties before it, it may at the very least, inquire into allegations of official misconduct – particularly, when, as in this case, Prison Guard Davis had made it known that he was conducting himself in such a manner because Plaintiff is suing the named-Defendant." (Doc. No. 78, at 2.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds that the findings and recommendations are supported by the record and by proper analysis. The assigned magistrate judge properly found that the court does not have jurisdiction over prison officials at High Desert State Prison and that it is without authority to grant the preliminary injunctive relief which plaintiff seeks in this action. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969) (recognizing that the court cannot issue an order against individuals who are not parties to a suit pending before it); *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) ("Unrelated claims against different defendants belong in different suits[.]"). The named defendant A. Gutierrez is alleged to be employed at High Desert State Prison where plaintiff is currently incarcerated. (Doc. No. 67, at 2.)[1]

---

[1] If, after exhausting his administrative remedies, plaintiff believes that he can in good faith allege that his mail is being interfered with by officials at High Desert State Prison in retaliation for his having brought the instant civil action based upon an incident that took place at Pleasant Valley State Prison, he may file a separate civil rights action in the Sacramento division of this court alleging such retaliation in violation of his rights under the First Amendment.

Accordingly, the recommendation set forth in the findings and recommendations (Doc. No. 72) will be adopted and plaintiff's motion for declaratory relief or preliminary injunction (Doc. No. 67) will be denied.

IT IS SO ORDERED.

Dated:   **March 29, 2016**

UNITED STATES DISTRICT JUDGE