# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. J. GUTIERREZ,<br><br>           Plaintiff,<br><br>      v.<br><br>A. GUTIERREZ,<br><br>           Defendant. | Case No. 1:13-cv-00421-DAD-SAB-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES (ECF NO. 87)<br><br>ORDER EXTENDING DISPOSITIVE MOTION FILING DEADLINE (ECF NOs. 94, 95)<br><br>Dispositive Motion Deadline:<br>September 16, 2016 |

Plaintiff G. J. Gutierrez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion to compel further discovery responses filed on May 12, 2016. (ECF No. 87.) On June 20, 2016, Plaintiff filed opposition to the motion. (ECF No. 90.) On July 13, 2016, Defendant filed a request to extend time to file a dispositive motion. (ECF Nos. 94, 95.)[1]

---

[1] On July 13, 2016, Plaintiff filed a fourth motion and an amended fourth motion to extend the dispositive motion filing deadline (ECF Nos 94, 95).

1

1    This action proceeds on the original complaint against Defendant on Plaintiff's claims of
2 excessive force and failure to protect in violation of the Eighth Amendment. The allegations
3 stem from a prison disturbance that occurred at Pleasant Valley State Prison.

4    Defendant seeks to compel responses to interrogatories and a request for production of
5 documents. On December 7, 2015, an order was entered, granting Defendant's motion to compel
6 responses to interrogatories and request for production of documents within forty-five days.
7 (ECF No. 75.) On February 1, 2016, Plaintiff was granted a thirty day extension of time (ECF
8 No. 76.) On March 2, 2016, The Court granted Plaintiff's second request for an extension of
9 time. (ECF Nos. 79, 80.) On March 15, 2016, Plaintiff was granted a third request for extension
10 of time (ECF No. 84.) The Court also granted Defendant's three requests to extend time to file a
11 dispositive motion based on his need for the discovery in order to file a dispositive motion. (ECF
12 Nos. 71, 85, 89.) In his motion to compel, Defendant indicates that although he has received
13 discovery responses from Plaintiff, the discovery responses are not complete. Defendant's
14 motion is supported by the declaration of counsel. Counsel declares that Defendant has awaited
15 receipt of additional discovery responses from Plaintiff ever since his third request for extension
16 of time. To date, counsel has not received any supplemental responses to the discovery requests
17 nor any of the documents contemplated in Plaintiff's third request for additional time. (Mayer
18 Decl. ¶ 4.)

19    In his opposition to the motion to compel, Plaintiff argues that his mail is being tampered
20 with and is not being processed by prison officials. Plaintiff makes vague references to rogue
21 prison guards who are taking part in intercepting Plaintiff's incoming and outgoing mail.
22 Plaintiff indicates that he "did place the information that was available to me in the mail
23 addressed to defense counsel before the last issued cut-off date. Defense counsel has been
24 served with the requested documentation. Whether her counterparts actually processed and
25 delivered it to her in an untimely fashion for nefarious purposes is to be determined. I say yes."
26 (ECF No. 90, ¶ 5.)
27 ///
28 ///

Defendant's fourth motion to modify the scheduling order to extend the dispositive motion filing deadline filed on July 13, 2016, is supported by the declaration of counsel. Counsel declares that based on Plaintiff's third request for additional time and the dates of proofs of service, it became apparent that Plaintiff's discovery responses remained incomplete. Counsel anticipated receiving further discovery responses from Plaintiff, but has not received any to date. (ECF No. 95 at 5:21.)

Defendant requests that the Court find that Plaintiff has failed to timely respond and issue an order compelling further responses and production of documents, without objection, on a date certain. Fed. R. Civ. P. 33(b)(2)-(3) & 34(b)(2)(A)-(B) (discovery requests must be individually responded to within thirty days of service or per Court order; Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992)(untimely objections waived).

Plaintiff has been provided ample opportunity to produce the supplemental responses sought by Defendant. The Court finds that Plaintiff's statement that he provided the information that was available to be vague. Plaintiff must submit the supplemental answers to interrogatories and requests for production of documents. Plaintiff does not offer any objections, or any justification for his refusal to submit complete responses to Defendant's request. Plaintiff has been ordered to provide the responses to discovery sought by Defendant, and has been granted three extensions of time to do so.

The Court cannot hold this action in abeyance indefinitely pending Plaintiff's responses to Defendant's discovery requests. Plaintiff offers no justification for continuing to delay this action. The Court will provide Plaintiff with one further opportunity to respond, without objection, to Defendant's discovery requests. Plaintiff is warned that if he fails to timely comply with this order, he will be subject to sanctions, up to and including dismissal of this action. No further extensions of time will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel discovery responses is GRANTED. Plaintiff shall serve his responses, without objection, to Defendant's discovery requests on counsel for Defendant on or before August 15, 2016;

3

2. Defendant's motion to modify the scheduling order is GRANTED. The dispositive motion filing deadline is continued to September 16, 2016; and

3. Plaintiff is warned that his failure to timely comply with this order may result in sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

Dated: **July 20, 2016**

UNITED STATES MAGISTRATE JUDGE