1

2

3

4

5

6

7

8

9

10

11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. J. GUTIERREZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>A. GUTIERREZ,<br><br>                    Defendant. | Case No.  1:13-cv-00421-DAD-SAB-PC<br><br>FINDINGS AND RECOMMENDATION<br>RECOMMENDING DENIAL OF MOTION<br>TO DISMISS ACTION UNDER RULE 41(b)<br><br>[ECF No. 98] |

## I.

## BACKGROUND

Plaintiff G. J. Gutierrez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This action proceeds on Plaintiff's claims against Defendant of excessive force and failure to protect in violation of the Eighth Amendment. The allegations stem from a prison disturbance that occurred at Pleasant Valley State Prison. Plaintiff is currently housed at

California Health Care Facility.

On August 19, 2016, Plaintiff's father, Bruno Gutierrez, a non-party, filed a letter on Plaintiff's behalf. (ECF No. 97.) The letter stated that Plaintiff was hospitalized and unable to make outside contact while hospitalized.

On September 16, 2016, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 98.) Defendant argued that Plaintiff has been dilatory in prosecuting this action, and had failed to severe discovery responses on or before August 15, 2016, as ordered by the Court on July 20, 2016, (ECF No. 96). Defendant requested relief from the current discovery and scheduling order if the matter is not dismissed.

On November 16, 2016, this Court ordered defense counsel to file a status report within fourteen (14) days, as Plaintiff's current circumstances were unknown. (ECF No. 99.) On November 30, 2016, defense counsel complied with that order, informing the Court that Plaintiff is no longer hospitalized, and has been transported to California Health Care Facility ("CHCF"), in Stockton, California. (ECF No. 101.) Plaintiff's property was also transferred, and he now has access to his legal materials and the law library, and may make phone calls and send and receive mail. (Id.) These representations are supported by declarations from the litigation coordinators at Plaintiff's former and current institutions. (ECF Nos. 101-1, 101-2.)

On November 30, 2016, Plaintiff also filed a letter with the Court, indicating that he had been hospitalized from June 25, 2016 to November 23, 2016, and was unable to have outside communications during that time. (ECF No. 100.) This representation is consistent with the inmate movement records provided by the litigation coordinators. (ECF No. 101-1, p. 5.) Plaintiff has also updated his address as CHCF.

## II.

## MOTION TO DISMISS

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious

1  resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the

2  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

3  availability of less drastic sanctions. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986);

4  <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988).

5       In this case, considering the relevant factors and the parties' submissions, the Court

6  recommends denial of Defendant's motion to dismiss. Plaintiff has shown good cause for his

7  inability to comply with the Court's previous order, and has updated the Court on his status.

8  Defendant's report also shows that Plaintiff is now in a position to proceed in this matter. The

9  undersigned will issue an order concurrently with these findings and recommendations requiring

10 Plaintiff's prompt compliance with the Court's order requiring his discovery responses, and

11 setting dispositive motion deadlines, to promote the expeditions resolution of this case, prevent

12 any further delay, and minimize the prejudice to Defendant. The public policy favoring a

13 disposition on the merits strongly weighs in favor of allowing this action to proceed.

14                                        **III.**

15                       **CONCLUSION AND RECOMMENDATION**

16      For these reasons, the Court HEREBY RECOMMENDS that Defendant's motion to

17 dismiss pursuant to Rule 41(b), (ECF No. 98), be denied.

18      These Findings and Recommendations will be submitted to the United States District

19 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

20 **fourteen (14) days** after being served with these Findings and Recommendations, the parties

21 may file written objections with the court.  The document should be captioned "Objections to

22 Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file

23 //

24 //

25 //

26 //

27 //

28 //

1  objections within the specified time may result in the waiver of the "right to challenge the

2  magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.

3  2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

IT IS SO ORDERED.

5

6  Dated:   **December 1, 2016**

UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28