1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G. J. GUTIERREZ, | ) Case No.: 1:13-cv-00421-SAB (PC) |
| Plaintiff, | ) |
| | ) ORDER DENYING PLAINTIFF'S THIRD |
| v. | ) MOTION FOR THE APPOINTMENT OF |
| | ) COUNSEL |
| A. GUTIERREZ, | ) |
| | ) (ECF No. 125) |
| Defendant. | ) |
| | ) |
| | ) |

Plaintiff G. J. Gutierrez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 5, 117); Local Rule 302. This action proceeds to a jury trial on Plaintiff's claims against Defendant A. Gutierrez for excessive force and failure to protect in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's third motion for the appointment of counsel, filed on July 14, 2017. Plaintiff seeks counsel on the grounds that his case is meritorious as it has survived summary judgment, based on his lack of knowledge of the law, the complexity of the issues, and difficulties he anticipates preparing for trial due to lack of legal resources, physical and psychological injuries and limitations, and medication side-effects. (ECF No. 125.)

1

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C.§ 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff's status as a layperson unskilled in the law, alleged injuries from the incidents at issue here, and medication uses does not make his case exceptional. The issues in this case are not complex, and a review of the record shows that Plaintiff is able to adequately articulate his claims and participate in litigation. Although Plaintiff's claims proceed to trial, the Court found that the disputed issues are largely credibility-based, and thus there is not a particular likelihood of success on the merits, nor a need for counsel to assist Plaintiff in presenting his claims at trial.

Accordingly, Plaintiff's third motion for appointment of counsel, filed on July 14, 2017 (ECF No. 125), is denied, without prejudice.


IT IS SO ORDERED.

Dated:   **July 17, 2017**

_____
UNITED STATES MAGISTRATE JUDGE