**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G. J. GUTIERREZ,<br><br>        Plaintiff,<br><br>        v.<br><br>A. GUTIERREZ,<br><br>        Defendant. | Case No.: 1:13-cv-00421-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL (ECF No. 129), AND SUPPLEMENTAL MOTION FOR WITNESSES (ECF No. 138) |

**I.**

**INTRODUCTION**

Plaintiff G. J. Gutierrez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds to trial on Plaintiff's claims against Defendant A. Gutierrez for excessive force and failure to protect in violation of the Eighth Amendment. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 117); Local Rule 302.

Currently before the Court is Plaintiff's motion for the attendance of incarcerated witnesses at trial, filed August 7, 2017. (ECF No. 129.) Defendant filed an opposition on August 28, 2017. (ECF No. 132.) The motion was heard at the telephonic pretrial conference on September 1, 2017, and the Court ordered supplemental briefing. (ECF No. 134, at p. 19.)

Plaintiff filed a supplemental motion on September 15, 2017. (ECF No. 138.) The supplemental motion addresses potential incarcerated witnesses as well as expert witnesses. Defendant filed an opposition to the supplemental motion on September 22, 2017. (ECF No. 144.)[1]

Both of Plaintiff's motions are deemed submitted. Local Rule 230(l).

---

[1] On September 25, 2017, Plaintiff also filed a reply brief. No reply was permitted by the Court's pretrial order (ECF No. 134, at p. 19), and no leave was sought by Plaintiff prior to filing the reply.

1

# II.

# INCARCERATED WITNESSES

### A.  Witnesses Who Are No Longer Incarcerated

Plaintiff's original motion requested the attendance of eight witnesses identified as inmates, and his pretrial statement disclosed one additional inmate witness. Defendants objected to requiring the production of six of those witnesses—J. Esparza (CDCR #AC4385), Reyes (CDCR #AG2981), Sanchez (CDCR #AG5542), Valdez (CDCR #G15953), Fimbers (CDCR #AE9522), and Edwards (CDCR #P06960)—on the ground that they are no longer incarcerated.

In Plaintiff's supplemental motion, Plaintiff withdraws the request to require the production of the six formerly incarcerated witnesses. Accordingly, Plaintiff's motion is deemed withdrawn with respect to those six witnesses

### B.  Currently Incarcerated Witnesses

Plaintiff's partial withdrawal of his motion leaves the following three inmate witnesses remaining: (1) Aziz Mohammad Jamaleddin, CDCR #G39138; (2) Johnny Sanchez, CDCR #E72914; and (3) William Milton, CDCR #P38650. Inmate Jamaleddin is currently housed at the California Correctional Institution in Tehachapi, California. Inmate Sanchez and inmate Milton are both currently housed at the Correctional Training Facility in Soledad, California.

### B.  Legal Standards

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. "Both sides in a trial have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." Barnett v. Norman, 782 F.3d 417, 422 (9th Cir. 2015). A judge cannot "allow a witness to refuse to testify because he would prefer not to answer a question." Id. "The public's interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient, burdensome, or harmful to a witness's social or economic status." Id.

Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's

presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

### C. Analysis

Plaintiff argues that inmates Jamaleddin and Sanchez were percipient witnesses to the events that gave rise to this action, as they were both approximately 8 to 10 feet from Plaintiff when Defendant shot Plaintiff. Plaintiff asserts that both witnesses can testify as to the events during and around the shooting of Plaintiff and can corroborate Plaintiff's account of the events. Regarding inmate Milton, Plaintiff has identified him as his cellmate on the date of the relevant events, and argues that inmate Milton has knowledge of Plaintiff's injuries (as a lay, non-expert witness) and their effect on Plaintiff's daily functions. Plaintiff argues that inmate Milton can further testify to later alleged retaliation against Plaintiff for his pursuit of this lawsuit.

Defendant argues that Plaintiff's statements regarding the witnesses are conclusory, and are not supported by any declaration or by the incident report of the events at issue. The crime incident report reflects that inmate Jamaleddin was a suspect in the incident, and a member of the Bulldog gang. (ECF No. 112-3, at p. 7.) Inmate J. Sanchez is listed as a victim, and a member of the Southern Hispanics gang. (Id.) Defendant argues that documentation created by the prison staff involved in the disturbance showing the location of these inmates does not support that they were within 10 feet of Plaintiff during the incident. Further, Defendant argues that neither Sanchez nor Jamaleddin would have been able to witness the shooting itself because Sanchez was himself being assaulted, and Jamaleddin was an aggressor in his own scuffle.

In evaluating the relevant factors and Plaintiff's submissions, the Court finds that Plaintiff has not met his burden to demonstrate that inmates Jamaleddin, Sanchez, or Milton have relevant firsthand knowledge that may substantially further the resolution of this case. Plaintiff has failed to submit any

declaration by any of these inmates or a declaration by himself showing that these inmates possess actual knowledge of the disputed facts at issue here.

Although there is some indication that inmates Jamaleddin and Sanchez were generally present during the prison disturbance on the date in question, Plaintiff has not shown that these inmates actually were eye or ear-witnesses to the specific incidents underlying Plaintiff's claims. The trial scheduling order setting forth the standards and procedures for obtaining the presence of incarcerated witnesses were provided to Plaintiff months ago. (ECF No. 123.) Plaintiff was also previously granted an extension of time to file a motion for the attendance of such witnesses. (ECF No. 128.) And, as noted above, supplemental briefing on this issue was permitted when Plaintiff obtained trial counsel. Nevertheless, any support for Plaintiff's assertions that inmates Jamaleddin or Sanchez have first-hand knowledge of the facts underlying the disputed claims here has yet to be provided. The lack of a showing that either of these inmates' testimony will further the resolution of this case, when juxtaposed with the inherent risks in safety and security in transporting them here, as well as the costs and inconveniences involved, requires that the Court deny Plaintiff's motion for their presence.

Likewise, Plaintiff has provided an inadequate factual basis for showing that inmate Milton has any knowledge of the disputed facts at issue here. Plaintiff asserts that inmate Milton has witnessed alleged retaliation by prison officials against Plaintiff for pursuing this lawsuit, but no such claim or allegations are pending in this action. Plaintiff has also provided no declaration from himself or inmate Milton describing the purported testimony that inmate Milton would provide regarding Plaintiff's injuries and their effect on his daily functions. The Court notes that Plaintiff may testify regarding his injuries and their effect on his daily functions, may provide medical evidence on the topic with a proper foundation, and that the fact of his being shot is not disputed. Based on the showing made here, the Court cannot determine whether the inconvenience, expense, and security concerns of transporting inmate Milton are outweighed by any benefit his testimony would provide in this case.

Based on the foregoing, Plaintiff's motion for the attendance of inmates Jamaleddin, Sanchez, and Milton is denied, without prejudice.

///

///

4

# III.

# EXPERT WITNESS DISCLOSURES

Plaintiff also asserts in his motion that he intends to call a medical expert witness and a prison-procedures expert witness at trial. Plaintiff requests an extension of time until October 12, 2017 to make his expert disclosures pursuant to Federal Rule of Civil Procedure 26, based on Plaintiff's counsel's recent appearance in this case. Defendant opposes the request.

Federal Rule of Civil Procedure 26 provides that a party must disclose to other parties expert witnesses it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent a stipulation or a court order, expert witness disclosures must be made at least 90 days before the date set for trial, or in the case of rebuttal expert witnesses, within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(i), (ii).

When Plaintiff's counsel came into this matter, the Court admonished counsel on the importance of meeting the deadlines in this case. Although good cause was found to briefly delay the trial date to allow counsel to come up to speed on the case, the Court has repeatedly impressed upon the parties the importance of adhering to the deadlines set in this matter, of not wasting judicial resources, and of not needlessly delaying the resolution of this case.

Here, the Court finds that sufficient diligence was shown and the interests of justice are best served by allowing the late designation of these experts by Plaintiff. The requested extension is brief, and the there is sufficient time between the requested extended expert disclosure deadline and the trial date to permit expert discovery and to allow for the disclosure of any rebuttal experts.

Defendant argues that there is prejudice here because discovery would be reopened at this late date, but expert depositions were not required to be completed before the close of fact discovery in this case. Rule 26(b) permits the deposition of expert witnesses after the deadline for their disclosure under Rule 26(a)(2)(D), unless otherwise modified by Court order. See Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided."). The discovery and scheduling order in this matter did not require expert

disclosures to be made or expert discovery to be completed by the fact discovery deadline. As stated above, the Court will allow the parties to depose any experts following their disclosures.

Accordingly, Plaintiff's request is granted, and the expert disclosure deadline is extended until October 12, 2017. Plaintiff is again admonished, however, that no further extensions of time will be granted, and the Court requires that the parties adhere to the deadlines ordered in this matter.

## IV.

## CONCLUSION AND ORDER

For the reasons explained above, it is HEREBY ORDERED that:

1. Plaintiff's requests for the attendance of incarcerated witnesses are denied, as follows:
   a. Plaintiff's motion for the attendance of inmates J. Esparza (CDCR #AC4385), Reyes (CDCR #AG2981), Sanchez (CDCR #AG5542), Valdez (CDCR #G15953), Fimbers (CDCR #AE9522), and Edwards (CDCR #P06960), is deemed withdrawn;
   b. Plaintiff's motion for the attendance of inmates Aziz Mohammad Jamaleddin (CDCR #G39138), Johnny Sanchez (CDCR #E72914), and William Milton (CDCR #P38650), is denied without prejudice; and
2. Plaintiff's request for an extension of time to disclose expert witnesses is granted. Expert disclosures are due on or before October 12, 2017.

IT IS SO ORDERED.

Dated: **September 28, 2017**

UNITED STATES MAGISTRATE JUDGE